Date signed August 19, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KENNETH HINES, JR. | : | Case No. 06-11358PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | | |

## MEMORANDUM OF DECISION

This case, filed March 14, 2006, is before the court following the failure of counsel to respond to this court's Order to justify the fee charged of $3,500.00. Inasmuch as counsel did not attend a meeting of creditors with the Debtor, the services appear to consist of filing the petition and schedules, together with a Notice of Intent to Sell Property of the Debtor. Following entry of an Order on May 25, 2006, approving the sale, Debtor filed a motion on May 30, 2006, to dismiss his case. An Order With Notice Dismissing Chapter 13 Case was entered that same date, and the case was closed on June 23, 2006.

By Order entered June 6, 2006, counsel was directed to justify, within 10 days of entry of the Order, her fee of $3,500.00 charged for services rendered to Debtor. Counsel failed to respond. On June 16, 2006, the court entered an Order Limiting Fee of Counsel (to $850.00) and Directing Refund to Debtor. Counsel filed a response on June 26, 2006, describing the services rendered by her, including consultations with secured creditors and with the Chapter 13 Trustee. Counsel stated that in view of the circumstances that her fee of $3,500.00 is fair and equitable. The court finds first that all of the services described by counsel are normally rendered in any case under Chapter 13 and that counsel's Disclosure of Compensation drastically limited services to be rendered for an extraordinary fee.

Some history is appropriate. Before the enactment of the 2005 Amendments to the Bankruptcy Code, most Chapter 13 cases with disclosure of compensation for limited services, as used by counsel in this case, were in the range of $1,250.00 to $1,750.00. Following enactment of the Reform Act, the fees have gone up in the light of increased responsibility on the part of counsel and increased services required on the part of counsel. Here, counsel's primary efforts were concerned with the sale of Debtor's house to himself and to his mother that he owned with his estranged wife. The effort was accomplished, and Debtor gives credit to the party handling settlement for convincing his wife to go along with the proposition. Debtor appeared in court and expressed satisfaction with respect to the manner in which he was treated by counsel and with his success in transferring title to the property.

Not disclosed to the court until the hearing was the fact that counsel received $400.00 from the Debtor during pendency of the Chapter 13 case, contrary to her Disclosure of Compensation and to the Plan that she prepared for the Debtor providing for payments of her fee by the Chapter 13 Trustee. It was further disclosed that counsel received an additional $2,000.00 in connection with the refinancing and drafting of a sales contract. The court is advised that counsel received the balance of the $3,500.00 retainer out of the settlement proceeds, although it is not clear whether credit was given for the $400.00 previously paid by the Debtor. In summary, counsel received at least $5,500.00 from the Debtor.

Counsel urges that the $3,500.00 payment is governed by the retainer agreement. However, counsel overlooks the provisions of § 329(b) of the Bankruptcy Code that requires the court to inquire as to the reasonable value of all services rendered and to order the return of any payment where those sums are excessive. This case was dismissed, as shown in counsel's Exhibits 2, 3, and 4, wherein, somehow, counsel expected the Chapter 13 Trustee to tell her what would be required to pay all creditors under the Plan, when the bar date for filing claims had not passed, and the Debtor had not participated in a § 341 Meeting of Creditors. Finally, while counsel states that she spent 25 hours in connection with the handling of this incomplete case, no statement of services was filed by counsel, and the court has no evidence before it as to the time required to perform the services in question.

Considering all of the circumstances, but for the fact of the Debtor's expression of satisfaction with the services rendered, the court would not allow a fee in excess of $2,000.00. An appropriate order will be entered.

cc:

Kenneth Hines, Jr., 13020 Rosebay Drive, Germantown, MD 20874

Sari Karson Kurland, Esq., 211 Jersey Lane, Rockville, MD 20850

Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**